CABINET FOR HUMAN RESOURCES, Commonwealth of Kentucky, Appellant,

v.

J.B.B.; F.C.K., III; and J.S.B., an Infant under 18 Years of Age, Appellees.

No. 88–CA–1850–MR.

Court of Appeals of Kentucky.

June 30, 1989.

Ryan M. Halloran, J. Gregory Burton, Cabinet for Human Resources, Frankfort, for appellant.

Allen Button, Gittleman, Bleidt & Barber, Louisville, for F.C.K.

Martin N. Kute, Louisville, for J.B.B.

Joan L. Byer, Louisville, for infant, J.S.B.

Before HOWERTON, C.J., and HAYES and REYNOLDS, JJ.

HOWERTON, Chief Judge.

The Cabinet for Human Resources (the "Cabinet") appeals from an order of the Jefferson Circuit Court in which the court found sufficient evidence to terminate J.B.B.'s and F.C.K.'s parental rights to J.S.B., but declined to do so provided that they both comply with all of the terms and conditions detailed in the order. The Cabinet contends that the court's order is beyond the scope of its authority as set forth in KRS 625.090(4) and therefore erroneous. We agree and reverse. The Cabinet also contends that the court's order violates certain provisions of the Kentucky Constitution. However, we need not reach those issues to decide this case, and they are not addressed in this opinion.

The Cabinet filed a petition in the Jefferson Circuit Court seeking the involuntary termination of J.B.B.'s and F.C.K.'s parental rights to J.S.B. The court, pursuant to 625.080, conducted a hearing on the Cabinet's petition and then entered an order finding there to be clear and convincing evidence that the couple's parental rights should be terminated. However, the court ruled that their parental rights would not be terminated, provided that they both restrained from engaging in certain behavior detailed in the order, continued receiving counseling for themselves, and continued obtaining counseling for J.S.B. The court also ordered that F.C.K. be granted custody of J.S.B. and that J.B.B. have certain visitation rights, both conditional upon their compliance with the requirements set forth in the order. Finally, the court ordered the Cabinet to continue to supervise J.S.B. and it set the matter for a review after six months.

KRS 625.090(4) provides that,

Upon the conclusion of proof and argument of counsel, the circuit court shall enter findings of fact, conclusions of law and a decision as to each parent-respondent either:

(a) Terminating the right of such parent; or

(b) Dismissing the petition and in such event stating whether the child shall be returned to the parent or shall remain in the custody of the state.

Although it is clear that the circuit court sought to order what it believed would be in the best interests of all parties, it is also clear that the circuit court exceeded the limited authority granted it by this statute and we must reverse. The legislature did not provide for judicial parenting in KRS 625.090(4), and the Cabinet is not equipped to provide unlimited, open-ended supervision in this case. Most of all, the child needs some stability and permanency. If the parents are fit to be parents, the action by the Cabinet should be dismissed.

Upon remand, the circuit court shall conduct a hearing pursuant to KRS 625.080

and enter an order in strict compliance with KRS 625.090(4).

All concur.